**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosalio Delgado Beltran, | No. CV 17-0004-TUC-CKJ (LAB) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan; et al., | |
| Respondents. | |

Pending before the court is the petitioner's motion that the court authorize discovery and expand the case record, filed on August 25, 2017. (Doc. 15)

Also pending is the petitioner's motion for an evidentiary hearing and for appointment of counsel, also filed on August 25, 2017. (Doc. 16)

Also pending is the petitioner's motion for "access to case authorities available only in electronic databases as LEXIS and WESTLAW," also filed on August 25, 2017. (Doc. 17)

The petitioner, Rosalio Delgado Beltran, was convicted after a jury trial of aggravated driving while under the influence (DUI) for which he received a sentence of 10 years' imprisonment. (Doc. 1, p. 2) Beltran filed in this court a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 3, 2017. (Doc. 1) He claims (1) his trial was unfair because (a) he was limited as to the evidence he was able to present, (b) the state witnesses gave false and misleading testimony, (c) discovery was late or withheld, (d) favorable evidence was concealed, and (e) trial counsel was ineffective; (2) the state did not disclose *Brady* and *Giglio* material; (3) trial and appellate counsel were ineffective; and (4) he was denied presentence

1 sentencing credits and his prior felony conviction was improperly used to enhance his sentence.
2 (Doc. 1)
3     The case was referred to Magistrate Judge Bowman pursuant to the Rules of Practice of
4 this court. *See* LRCiv 72.1(c).
5     Discussion
6     In the first pending motion, Beltran moves that this court permit discovery pursuant to
7 Rules 6 and 7 of the Rules Governing § 2254 cases. Specifically he moves that this court order
8 disclosure of the transcripts of the four 911 calls made at the time of the traffic accident, phone
9 records from Officers Eppley and Hibbs made while Beltran was trying to call an attorney,
10 Officer Hibbs's report, "the report of the TPD officer who refused to take Beltran from the
11 hospital to the county jail," "and any other police report, city building inspection report" or
12 other record concerning his aggravated DUI case. (Doc. 15)
13     Unlike a party to a normal civil action, a habeas petitioner "is not entitled to discovery
14 as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 1796-97
15 (1997). Rule 6(a) of the Rules Governing § 2254 cases permits discovery "only in the
16 discretion of the court and for good cause shown." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th
17 Cir.1999), *cert. denied*, 528 U.S. 1092. "A 'good cause' analysis requires the reviewing court
18 to identify the 'essential elements' of the underlying substantive claim, and determine whether
19 petitioner's allegations, if proven, would satisfy those elements and show the violation of a
20 constitutional right." *Williams v. Hall*, 648 F. Supp. 2d 1222, 1225 (D. Or. 2009) (citing *Bracy*,
21 520 U.S. at 904, 117 S.Ct. at 1797).
22     Since *Bracy* was decided, the Supreme Court has held in *Pinholster* that a federal court
23 analyzing a properly exhausted habeas claim is limited to the record that was before the state
24 court when the claim was originally denied. *See Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct.
25 1388 (2011). The holding in *Pinholster* is an additional hurdle the petitioner must overcome
26 if he is to establish "good cause" for habeas discovery.
27     In the pending motion, Beltran lists a number of documents that he would like to
28 discover. He does not, however, clearly explain how those documents relate to the claims in

1 his petition. Apparently, Beltran believes that if he has access to these documents he will
2 uncover even more reasons why his original trial was unfair. The purpose of habeas discovery,
3 however, is not to engage in a "fishing expedition" to explore the possibility of new claims.
4 *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999); *see also U. S. ex rel. Nunes v. Nelson*,
5 467 F.2d 1380, 1380 (9th Cir. 1972) ("Appellant is not entitled to a discovery order to aid in the
6 preparation of some future habeas corpus petition.").

Beltran alleges that all of his claims were previously presented to the Arizona Court of Appeal. (Doc. 1) Accordingly, this court must adjudicate his claims based on the evidence presented to that court. *See Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388 (2011). There is no need for further discovery.

Beltran further argues that the discovery of additional documents would enable the post-conviction relief court to better review his trial for reversible error. Rule 6, however, does not authorize discovery for this purpose. Rules Governing § 2254 cases. Beltran's motion for discovery will be denied.

In his second pending motion, Beltran moves for an evidentiary hearing. (Doc. 16) Beltran argues that he was denied an opportunity for a full evidentiary hearing in the state courts and an evidentiary hearing is necessary now to prove his innocence. *Id*. However, as the court already stated above, when analyzing a properly exhausted habeas claim, this court is limited to the record that was before the state court when the claim was originally denied. *See Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388 (2011). An evidentiary hearing therefore is not indicated. In the same motion, Beltran moves for the appointment of counsel. (Doc. 16)

Indigent state prisoners applying for habeas corpus relief are entitled to appointed counsel only if counsel is necessary to prevent a due process violation or "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987). Neither due process nor the interests of justice require the appointment of counsel at this time.

Prisoners have a due process right of access to the courts. This right, however, only guarantees prisoners the legal resources necessary to ensure their petition will reach the court

for consideration. *See Cornett v. Donovan*, 51 F.3d 894, 899 (9th Cir. 1995), *cert. denied*, 518 U.S. 1033 (1996). Prisoners have no right "to litigate effectively once in court." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Once the petition reaches the court, there is no due process right to counsel unless an evidentiary hearing is required. *Knaubert v. Goldsmith*, 791 F.2d 722, 728-29 (9th Cir.1986), *cert. denied*, 479 U.S. 867 (1986).

In this case, Beltran has successfully presented his petition to the court for consideration. An evidentiary hearing is not required at this time. He, therefore, has no due process right to counsel.

In the alternative, counsel may be appointed "in the interests of justice" if the case is particularly complex or the petitioner is facing the death penalty. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."
*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In the pending petition, Beltran claims that (1) his trial was unfair because (a) he was limited as to the evidence he was able to present, (b) the state witnesses gave false and misleading testimony, (c) discovery was late or withheld, (d) favorable evidence was concealed, and (e) trial counsel was ineffective; (2) the state did not disclose *Brady* and *Giglio* material; (3) trial and appellate counsel were ineffective; and (4) he was denied presentence sentencing credits and his prior felony conviction was improperly used to enhance his 2011 sentence. (Doc. 1) His petition discusses, not only the facts behind his claims, but their legal underpinnings as well. Beltran has demonstrated an ability to "articulate his claims pro se in light of the complexity of the legal issues involved." *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The court further notes that this case is not particularly complex, at least in comparison to the ordinary habeas petition brought pursuant to 28 U.S.C. § 2254. The issues he brings are typical of the issues seen in this kind of action.

At this point, the court cannot say that the petition is likely to be successful on the merits. The court notes, however, that this is the second habeas corpus petition that Beltran has brought concerning his DUI conviction. And it seems likely that Beltran brought his strongest claims the first time around.

Counsel is not required "in the interests of justice." *See, e.g., Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (The court acted within its discretion when it declined to appoint counsel to a sixty-year-old petitioner who had no background in the law but thoroughly presented his issues.), *cert. denied*, 469 U.S. 838 (1984).

In the third pending motion, Beltran moves that the court provide him "access to case authorities available only in electronic databases [such] as LEXIS and WESTLAW." (Doc. 17) He argues that these cases "are essential to properly litigate [these] habeas proceedings." *Id*., p. 1

Habeas petitioners, however, have no right to litigate effectively once their issues have been presented to the court for review. *Lewis v. Casey*, 518 U.S. 343, 354, 116 S.Ct. 2174, 2181 (1996). In this case, Beltran has already presented his petition for habeas review. He has no right to litigate that petition effectively and, therefore, no right to access electronic legal databases. *See, e.g., Sojka v. Ryan*, 2013 WL 5160404, 3 (D.Ariz. 2013) Accordingly,

IT IS ORDERED that the petitioner's motion that the court authorize discovery and expand the case record, filed on August 25, 2017, is DENIED. (Doc. 15)

IT IS FURTHER ORDERED that the petitioner's motion for an evidentiary hearing and for appointment of counsel, also filed on August 25, 2017, is DENIED. (Doc. 16)

IT IS FURTHER ORDERED that the petitioner's motion for "access to case authorities available only in electronic databases as LEXIS and WESTLAW," also filed on August 25, 2017, is DENIED. (Doc. 17)

DATED this 13th day of September, 2017.



Leslie A. Bowman
United States Magistrate Judge