**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosalio Delgado Beltran, | No. CV 17-004-TUC-CKJ (LAB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan; et al., | |
| Respondents. | |

Pending before the court is a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on December 29, 2016, by Rosalio Delgado Beltran, an inmate confined in the Arizona State Prison Complex in Phoenix, Arizona. (Doc. 1, p. 26); (Doc. 10)

Pursuant to the Rules of Practice of this Court, this matter was referred to the Magistrate Judge for report and recommendation.

The petition should be dismissed. It is time-barred.

Summary of the Case

Beltran was found guilty after a jury trial "of two counts of aggravated driving under the influence (DUI) and three counts of endangerment after he hit another vehicle from behind with his truck." (Doc. 30, p. 47) The trial court sentenced Beltran to "concurrent ten-year prison terms on the DUI convictions and to time served for the endangerment counts." *Id*.

On direct appeal, Beltran argued the trial court erred when it denied his motion to suppress the results of the blood alcohol test because the arresting officer interfered with his

right to counsel. (Doc. 30, pp. 35) The Arizona Court of Appeals affirmed his convictions and sentences on February 29, 2012. (Doc. 30, p. 46) The Arizona Supreme Court denied his petition for review summarily on May 23, 2012. (Doc. 30, p. 52)

Previously, on May 20, 2011, Beltran filed notice of post-conviction relief (PCR). (Doc. 30, p. 54) On Beltran's motion, the trial court stayed the proceedings until the court of appeals issued its mandate in the direct appeal. (Doc. 30, p. 64) The mandate issued on July 18, 2012 and October 16, 2012. (Doc. 30-1, p. 5) On December 13, 2012, appointed counsel notified the court that he had reviewed the record but could find no colorable claims to raise in the PCR petition. (Doc. 30-10, p. 2) The trial court subsequently gave Beltran a deadline of February 11, 2013 to file a PCR petition pro se. (Doc. 31, p. 3) Beltran did not file a timely petition, and the trial court dismissed the notice of post-conviction relief on March 4, 2013. (Doc. 31, p. 6)

Previously, on August 1, 2011, Beltran attempted to file in the Arizona Court of Appeals a document entitled Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. 31, p. 8) The court of appeals transferred the petition to the Pima County Superior Court. (Doc. 31, p. 46) That court did not issue a ruling immediately. A copy of the petition was also filed with the Arizona Supreme Court, which dismissed the petition on October 21, 2011. (Doc. 31, p. 20)

On November 18, 2011, Beltran filed with the Arizona Court of Appeals a Petition for Special Action. (Doc. 31, p. 22) On November 21, 2011, the court ordered him to file a copy of the ruling being challenged by the special action. (Doc. 31, p. 57) On January 11, 2012, the Arizona Court of Appeals declined to accept jurisdiction. (Doc. 31, p. 59) On March 22, 2012, the Arizona Supreme Court denied Beltran's petition for review. (Doc. 31, p. 62)

On July 2, 2012, Beltran filed in this court his first federal petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (CV 13-014 TUC LAB; Doc. 1) Beltran raised four grounds for relief:

> (1) He was denied the right to counsel in violation of the Sixth and Fourteenth Amendments when he was asked to submit to a blood alcohol test. The trial judge deciding the issue was not fair, and counsel's handling of the issue was ineffective.

> (2) His Fourteenth Amendment due process rights were violated and he was denied his Sixth Amendment right to compulsory process and to confront witnesses when the trial court denied him the opportunity to introduce evidence that he was injured in his holding cell when a piece of the ceiling fell on his head and the officers failed to promptly pursue the case after his discharge from the hospital.
>
> (3) Trial counsel was ineffective for failing to present the testimony of alibi witnesses; and
>
> (4) His prior felony conviction should not have qualified as a historic prior pursuant to A.R.S. § 13-604.

*Id.* The court denied the petition on December 11, 2013. *Id.*; (Doc. 30) The court held that the right to counsel claim was not cognizable. *Id.* The remaining claims were procedurally defaulted. *Id.*

Beltran returned to state court seeking additional transcripts. On September 10, 2014, the state trial court denied Beltran's request for additional transcripts "because he did not have any pending matters" before the court. (Doc. 38, p. 43)

On October 14, 2014, the state trial court denied Beltran's motion for reconsideration and reviewed Beltran's outstanding motions. *Id.*; (Doc. 37) Among other things, the court dismissed Beltran's previously filed Petition for Writ of Habeas Corpus. (Doc. 37, p. 69) The court further ordered "that the May 13, 2011 Sentencing ME [minute entry] be amended to reflect that for Counts Three, Four, and Five Defendant Beltran be incarcerated in the Pima Count Jail for a term of 180 days, commencing on May 13, 2011, with credit for 428 days time served, for an effective sentence of time served." (Doc. 37, p. 70) The court denied Beltran's request for trial transcripts stating that if he intended to raise a claim of ineffective assistance of counsel, "he shall file a Rule 32 Notice of Post-Conviction Relief and identify the issues he wishes to raise." (Doc. 37, p. 71)

Almost five months later, on March 10, 2015, Beltran filed notice of post-conviction relief (PCR) alleging, among other things, that he had newly discovered material facts and that he was actually innocent. (Doc. 37, pp. 73-75) On March 12, 2015, the trial court denied Beltran's request for counsel because his notice was untimely and successive. (Doc. 37, p. 77) Presumably the court found the notice to be untimely because it was filed after the 90-day

- 3 -

deadline for filing notice of post-conviction relief. *See* (Ariz.R.Crim.P. 32.4) ("[N]otice must be filed within ninety days after the entry of judgment and sentence . . . .").

The trial court instructed Beltran to file his petition by June 1, 2015. *Id*. Presumably the court permitted Beltran to file a petition after an untimely notice because some claims are exempt from the state timeliness rules. *See* (Ariz.R.Crim.P. 32.4) ("Any notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e) ['Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence.'], (f), (g) or (h)['The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found the defendant guilty of the underlying offense beyond a reasonable doubt. . . .'].").

Beltran filed his PCR petition on May 4, 2015. (Doc. 38, p. 3) He argued "(1) he was denied the right to counsel during his arrest, (2) he was unconstitutionally denied disclosure, (3) [the trial court] denied [him] a fair trial by limiting his confrontation rights during cross-examination, (4) [the trial court] illegally enhanced [his] sentence with his 1987 DUI prior, (5) the ineffective assistance of trial counsel, and (6) the ineffective assistance of appellate counsel." (Doc 38, p. 44) On October 15, 2015, the trial court denied the PCR petition finding his claims untimely or precluded. (Doc. 38, pp. 44-46) The court specifically denied Beltran's claims to newly discovered evidence and actual innocence, which may be brought in an untimely petition. (Doc. 38, pp. 45-46) The trial court noted that Beltran had not cited any evidence that did not exist at the time of trial. *Id*. The trial court denied Beltran's motion for reconsideration on December 4, 2015. (Doc. 38, p. 48)

On January 8, 2016, Beltran petitioned the Arizona Court of Appeals for review. (Doc. 39, p. 3) On May 18, 2016, the Arizona Court of Appeals granted review and denied relief. (Doc. 39, p. 25) The court found that "Beltran's claims are precluded and untimely . . . ." (Doc. 39, p. 27)

On December 29, 2016, Beltran constructively filed in this court the pending petition for writ of habeas corpus. (Doc. 1, p. 26) Beltran raises four grounds for relief: (1) "The violation of the constitutional right to a fair and impartial trial" due to the trial court's preclusion of

certain evidence at trial; (2) "The violation of the confrontation right and discovery rights—both constitutional violations" due to the trial court's limitation of his cross-examination and preclusion of certain evidence; (3) "Denial of the right to counsel and ineffective assistance of trial and appellate counsels"; and (4) "Denial of presentence incarceration credits and the unconstitutional use of a prior felony conviction." (Doc. 1) He asserts that these issues were previously presented in his state habeas corpus petition, his special action petition, and his petition for review of the trial court's denial of his Rule 32 petition. (Doc. 1) The court decided this is not a "second or successive" petition because of the trial court's intervening judgment. (Doc. 12, p. 2)

The respondents filed a limited answer arguing, among other things, that the petition is time-barred. (Doc. 29) Beltran filed a reply in which he argues generally that his trial was unfair and counsel was ineffective. (Doc. 47)

The respondents are correct; the petition is time-barred. The court does not reach the respondents' alternate arguments.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The petition, however, must be filed within the applicable limitation period or it will be dismissed. The statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The "one-year statute of limitations . . . applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).

The limitation period for all of Beltran's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Beltran does not argue that another trigger should apply to his claims.

On October 14, 2014, the trial court amended Beltran's original sentencing minute entry. (Doc. 37, p. 70) Assuming this amendment functions as a new judgment, Beltran then had 20 days to file a notice of appeal pursuant to Ariz.R.Crim.P. 31.3. *See also Burton v. Stewart*, 549 U.S. 147, 156, 127 S. Ct. 793, 798 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). His judgment became final when he failed to do so on Monday, November 3, 2014. *See Randle v. Crawford*, 604 F.3d 1047, 1050, 1057 (9th Cir. 2010) (Where notice of direct appeal was not timely filed, the judgment became final on the filing deadline.); *Gooden v. Ryan*, 2010 WL 4868184, at *2 (D. Ariz. 2010) (Judgment became final 20 days after re-sentencing.), *report and recommendation adopted*, 2010 WL 4855624 (D. Ariz. 2010).

The limitation period began running the next day and expired one year later on Tuesday, November 3, 2015. *See* 28 U.S.C. § 2244(d)(1)(A). Beltran constructively filed his petition on December 29, 2016 when he placed it in the prison mailing system. (Doc. 1, p. 26) It is time-barred.

Beltran's notice of post-conviction relief filed on March 10, 2015 did not statutorily toll the limitation period. *See* 28 U.S.C. § 2244(d)(2). Statutory tolling only applies when "a

*properly filed* application for State post-conviction or other collateral review" is pending. *Id*. (emphasis added). Beltran's notice was untimely. *See* (Doc. 37, p. 77) (The notice was untimely.); (Doc. 38, pp. 44-46) (None of Beltran's claims were exempt from the timeliness rule.); (Doc. 39, p. 27) ("Beltran's claims are precluded and untimely. . . ."). It therefore was not "properly filed" and did not statutorily toll the limitation period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) (An untimely petition is not properly filed.).

In his reply brief, Beltran disputes the respondents' argument that he had 20 days after his resentencing to file his direct appeal. (Doc. 47, p. 4) He argues that the trial court gave him permission to file a new post-conviction relief (PCR) petition, and the deadline for filing a PCR petition is 90 days. *Id*. Beltran is confusing two issues – the court's determination of when his judgment became final and the court's analysis of the statutory tolling provision.

Beltran is correct when he states that he had 90 days from the date of the resentencing to file a PCR petition. But, his decision to file a PCR petition, does not affect this court's calculation of the date on which his judgment became final. That date is determined by the deadline for filing a direct appeal, 20 days. *See Randle v. Crawford*, 604 F.3d 1047, 1050, 1057 (9th Cir. 2010) (Where notice of direct appeal was not timely filed, the judgment became final on the filing deadline.). Once the judgment became final, the limitation period began running. If Beltran had filed a timely PCR petition within the 90 days, the limitation period would have been tolled. *See* 28 U.S.C. § 2244(d)(2). But he did not do so.

The court further notes that the trial court did not forbid Beltran from filing a direct appeal. It simply instructed him to file a new PCR petition if he intended to pursue his claim that trial counsel was ineffective. (Doc. 37, pp. 70-71); (Doc. 47, p. 9) (Beltran acknowledges that ineffective assistance claims must be brought in a PCR proceeding).

DATED this 31st day of January, 2018.



Leslie A. Bowman
United States Magistrate Judge