IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Rosalio D. Beltran, )
)
            Petitioner, )
)           CV 17-004-TUC-CKJ
vs. )
)           **ORDER**
Charles L. Ryan, et al., )
)
            Respondents. )
)

Pending before the Court is the Petition for Writ of Habeas Corpus and Addendum ("Petition") (Doc. 1) filed by Rosalio D. Beltran ("Beltran"). Respondents have filed a Limited Answer ("Answer") (Docs. 29-39) and Beltran has filed a Reply (Doc. 47). On January 31, 2018, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation (Doc. 48) in which she recommended the District Court dismiss with prejudice Beltran's Petition (Doc. 1) as time-barred. Beltran has filed an Objection (Doc. 50) and Respondents have filed a Response (Doc. 54). After its independent review, the Court DISMISSES with prejudice Beltran's Petition for Writ of Habeas Corpus (Doc. 1) as time-barred.

I. *Addendum Filed by Beltran*

Beltran has also filed an Addendum to Petitioner's Objection to the U.S. Magsitrate's R & R (Doc. 58). Prior to that filing, Beltran had requested additional time to file a reply to the government's response. In denying that request, the Court stated:

> Although the applicable rule, Fed.R.Civ.P. 72(b), provides for an objection to a Report and Recommendation and a response to that objection, it does not provide for the filing of a reply. *See also* 18 U.S.C. 636(b). Petitioner has not set forth any authority or any reason for this Court to permit the filing of a reply in this case.

April 18, 2018, Order (Doc. 57).  Beltran's Addendum appears to be an attempt to circumvent this ruling.

Moreover, as Beltran states in his Addendum, he has presented many of these arguments in his many state and federal filings.  Indeed, a review of the Addendum indicates Beltran is merely restating or expanding upon prior arguments.

Nonetheless, although Beltran's prior filings include the assertions made in the declaration attached to his Addendum, *see e.g.* Objection (Doc. 50, p. 20), these assertions were not under penalty of perjury as in the Addendum (Doc. 58, Ex. A, p. 7).  The Court therefore will accept this filing only to accept and consider the declaration of Beltran.

II.  *Report and Recommendation*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."  The statute does not "require [] some lesser review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).  Rather, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id.* at 149.

III.  *Objections to Report and Recommendation*

A. *August 2011 Petition for Writ of Habeas Corpus Filed in State Courts*

Beltran attempted to file a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus with the Arizona appellate courts on August 1, 2011.  The Arizona Court of Appeals transferred the petition to the Pima County Superior Court.  Shortly thereafter, Beltran filed his first federal petition for Writ of Habeas Corpus in this Court.  The federal petition was denied on December 11, 2013.

On October 14, 2014, the state trial court amended Beltran's sentences for his

misdemeanor convictions to 180 days with 428 days' presentence incarceration credit. The magistrate judge previously determined that the October 14, 2014, state court ruling served as a new judgment. As stated in the R & R, Beltran's judgment became final on Monday, November 3, 2014, when he failed to file a notice of appeal. R & R, p. 6. Beltran's current petition was "constructively filed . . . on December 29, 2016 when he placed it in the prison mailing system." *Id*. This was more than a year after the statute of limitations had expired on November 3, 2015.

However, Beltran argues that the 2011 petition tolled the statute of limitations. As the limitations period did not begin to run until after the new date of judgment, a petition and ruling filed before that new date of judgment cannot toll the applicable statute of limitations.

B. *Permission by State Court to File New Petition for Post-Conviction Relief*

Beltran argues that the state court granted him permission to file a new petition for post-conviction relief. Beltran asserts he submitted a timely joint Notice of Post-Conviction Relief as to CR-2007-4026 and CR-2010-0750. When the state court required separate Notices, Beltran filed Notices in each case. He asserts that the March 5, 2015, Notice should be considered timely as the original joint Notice had been timely submitted. However, Beltran has not provided the Court with a copy of the original joint Notice. Moreover, in asserting he filed a joint Notice, Beltran does not state when he submitted this joint Notice. In other words, it has not been shown that Beltran submitted a timely Notice of Post-Conviction Relief.

Furthermore, even if Beltran had submitted a copy of a timely joint Notice, principles of comity require this Court to respect the procedural state requirements and findings. The Ninth Circuit has summarized:

> In *Coleman v. Thompson*, the Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in the federal court by the adequate and independent state ground doctrine. 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an

opportunity to address those claims in the first instance"); *see also id*. at 732, 111 S.Ct. 2546 ("The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases").

*Schneider v. McDaniel*, 674 F.3d 1144, 1152–53 (9th Cir. 2012). Indeed, "[w]hen a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DeGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Safford*, 536 U.S. 214, 226 (2002)) (alteration in *Pace*). The Arizona courts determined Beltran's petition was untimely. That the state court nonetheless permitted Beltran to file a post-conviction relief pleading does not alter the state court's finding.[1]

## C. *Mailing to Arizona Supreme Court*

Beltran asserts the magistrate erred in stating, "Beltran mailed a copy of his state habeas petition to the state supreme court." Objection (Doc. 50, p. 3). However, the R & R does not include such language and the Court finds that any such statement would not affect the substance of the issues.

## D. *Substantive Issues and/or Equitable Tolling*

In his Objection, Beltran also argues substantive issues raised in his habeas petition (e.g., ineffective assistance of counsel). However, those issues are not properly considered by the Court unless it is determined Beltran has timely presented his claims.

Alternatively, Beltran may be seeking to argue that the statute of limitations should be equitably tolled under *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413, 428–29 (2013). *See e.g. Holland v. Florida*, 130 S.Ct. 2549 (2010) (AEDPA statute of limitations is subject to equitable tolling). However, the Supreme Court has declined to expand *Martinez* and *Trevino* to include claims of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2062–63 (2017). Moreover, Beltran did

---

[1]Presumably, Beltran was permitted to file a post-conviction petition, despite the untimely Notice, because of state recognized exceptions to the timeliness requirement.

not raise any ineffective assistance claims against trial counsel in his first post-conviction relief proceeding, despite an opportunity to do so.

IV. *Conclusion*

The Court agrees with the analysis and conclusions of the magistrate judge. Beltran did not submit a properly filed application for state post-conviction or other collateral review warranting tolling of the limitations period. 28 U.S.C. § 2244(d)(2). Beltran's petition is time-barred and dismissal is appropriate.

V. *Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Additionally,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* In the certificate, the Court must indicate which specific issues satisfy the showing. *See*

28 U.S.C. § 2253(c)(3).

This Court determined that Beltran's petition is untimely under the one-year statute of limitations of the AEDPA. This Court further determined that Beltran has failed to establish that he is entitled to either statutory or equitable tolling. The Court finds that jurists of reason would not find it debatable whether the petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Beltran's claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1.      The Report and Recommendation (Doc. 48) is ADOPTED.

2.      Beltran's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DISMISSED WITH PREJUDICE;

3.      The Clerk of the Court shall enter judgment and shall then close its file in this matter, and;

4.      A Certificate of Appealability shall not issue in this case.

DATED this 8th day of January, 2019.


_____
Cindy K. Jorgenson
United States District Judge